UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

F.C. BLOXOM COMPANY, ET AL.,
  Plaintiffs,

v.

DEE PRODUCE CORPORATION, ET AL.,
  Defendants.

Civil No. 04-2043(HL)

**ORDER**

Plaintiffs F.C. Bloxom Company, New York Export Company, Inc., and BEC Corporation d/b/a Empacadora Hill Brothers, (collectively the "Plaintiffs" or "PACA claimants")[1] bring this action against Dee Produce Corporation ("Dee Produce" or "Corporate Defendant") and Angel Detres a/k/a Arnaldo Detres Samalot, Dominic D'Abate, Elizabeth D'Abate and Yolanda Berrius (collectively the "Individual Defendants") alleging violations of the Perishable Agricultural Commodities Act ("PACA") 7 U.S.C. §499e *et seq*. On November 11, 2004, the Individual Defendants filed their answer and counterclaim (Docket No. 30). Pending before the Court is Plaintiffs' unopposed Motion to Dismiss Defendants' Counterclaim (Docket No. 107). For the reasons set forth below, Plaintiffs' unopposed Motion to Dismiss Defendants' Counterclaim is granted.

---

[1] At the time of the filing of the Individual Defendants' answer and counterclaim, the only named plaintiffs were F.C. Bloxom Company, New York Export Company, and BEC Corporation. Plaintiffs subsequently filed an amended complaint, adding three new plaintiffs, namely, Titan Procurement L.L.C., Baldor Specialty Foods, and East Coast Fruit Company. Defendants failed to answer the amended complaint and have not sought leave to amend their counterclaim to include the newly added parties. As such, Defendant's counterclaims are limited to the original plaintiffs, F.C. Bloxom Company, New York Export Company, and BEC Corporation.

2

## STANDARD OF REVIEW

In ruling on a Rule 12(b)(6) motion to dismiss, a court must accept all well-pled factual averments as true and must draw all reasonable inferences in the plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Carparts Distrib. Ctr., Inc. v. Automotive Wholesaler's Ass'n*, 37 F.3d 12, 14 (1st Cir.1994). A court should not dismiss a complaint for failure to state a claim unless it is clear that the plaintiff will be unable to prove any set of facts which would entitle him or her to recovery. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir.1991). However, this deferential standard is not a "toothless tiger." *Doyle v. Hasbro, Inc.,* 103 F.3d 186, 190 (1st Cir.1996). While "[t]he threshold may be low, it is real..." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513 (1st Cir. 1988). A court is not obliged to accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996).

## DISCUSSION

In the counterclaim, the Individual Defendants alleged:

> 1. This action has been brought against defendants for the sole purpose to drive Dee Produce, which is a competitor of Plaintiffs [sic] companies, out of business. Plaintiffs have unilaterally sabotaged any efforts by Dee Produce to arrive at a reasonable settlement, which would in turn free the individual defendants from any responsibility under the PACA statutes.
> 2. Plaintiffs acting in joint accord and through its officers, Mr. Zack Schulman and Cecilio Manzanet, in bad faith and under extreme coercion and duress and under false premises and illegal premises, forced Mr. Dominic D'Abate, one of defendants herein, to sign a latter of resignation from his office as CEO of Dee Produce. Under false pretenses, Mr. D'Abate was forced to state that this action would free him from the alleged debts arising out of this case.
> This action was undertaken with the intent to ultimately drive Dee Produce out of business and to create a conflict of interests between Mr. D'Abate and the other individual defendants.
> 3. The above factional allegations have caused great harm and mental and physical injuries to Mr. Dominic D'Abate and the other defendants, which are estimated at this point at a minimum of $1,000,000.00.

The Individual Defendants' counterclaim, in essence, alleges that the Plaintiffs acted and conspired to unreasonably restrain Dee Produce and its officers and shareholders from carrying out its business. The Counterclaim, however, does not provide factual averments

as to how the plaintiffs allegedly conspired and unreasonably restrained Dee Produce and its officers. Individual Defendants also allege that the Plaintiffs unilaterally sabotaged efforts to arrive at a reasonable settlement. It is not surprising that the Individual Defendants have not filed a opposition to Plaintiffs' motion to dismiss, since they have not pleaded facts adequate to entitle them to any relief. In fact, Defendant's counterclaim is devoid of any well pled factual aversions. The three paragraph counterclaim not only fails to state a clear cause of action, but is nothing more than bald assertions and conclusions. Consequently, the Individual Defendants have not met their threshold burden and the counterclaim must be dismissed.

Furthermore, Individual Defendants have failed to make any effort to follow through with their counterclaim against the Plaintiffs. Since the filing of the counterclaim, the Individual Defendants have failed to make voluntary disclosures as ordered by this Court in the Scheduling Order (Docket No. 31). The Individual Defendants have not responded to discovery requests and did not participate in the preparation of the joint pretrial order. The docket reflects that from the commencement of this case, Individual Defendants have dragged their heels and have failed to respond the numerous motions filed by the plaintiffs, including the motion to dismiss.

## CONCLUSION

**WHEREFORE,** the Plaintiffs' Motion to Dismiss Individual Defendants Counterclaim is granted. Because Defendants Angel Detres a/k/a Arnaldo Detres Samalot, Dominic D'Abate, Elizabeth D'Abate and Yolanda Berrius' counterclaims have been dismissed with prejudice in their entirety and there being no reason for delay, Partial Judgment shall be entered accordingly. *See Spiegal v. Trustees of Tufts College,* 843 F.2d 38, 42-44 (1st Cir. 1988) (discussing partial judgment under Fed.R.Civ.P. 54(b)).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 10, 2007.

S/ HECTOR M. LAFFITTE
Senior United States District Judge